**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HERITAGE PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY A. GLAZER and <br> JASON T. MALEK, <br><br> Defendants. | No. 3:16-cv-08483-PGS-TJB <br><br> **STIPULATION AND ORDER REGARDING DISCLOSURE OF PRIVILEGED EXHIBITS IN RELATION TO DEFENDANT GLAZER'S MOTION TO DISQUALIFY** |

WHEREAS on March 21, 2018, Defendant Jeffrey A. Glazer ("Glazer") filed a Motion to Disqualify Gibson, Dunn & Crutcher LLP as Counsel for Plaintiff and to Impose Further Prophylactic Sanctions (the "Motion"), ECF No. 54;

WHEREAS the Motion asserts that Glazer had an attorney-client relationship with Gibson, Dunn & Crutcher LLP, a proposition disputed by Plaintiff Heritage Pharmaceuticals Inc. ("Heritage") and at issue in the Motion;

WHEREAS the Motion relies on and incorporates multiple exhibits that Glazer maintains he properly possessed and that the unredacted portions filed with the Court did not reveal any attorney-client privileged communications, a proposition disputed by Heritage;

WHEREAS the Motion relies on and incorporates multiple exhibits in which Heritage maintains that it is the sole holder of any applicable privileges, which it did not knowingly and voluntarily relinquish, a proposition disputed by Glazer;

3350816.1

WHEREAS Heritage and Glazer (collectively, the "Parties") have agreed, subject to the Court's approval, that Heritage may submit unredacted copies of the exhibits included with the Motion for the Court's in camera review in connection with the Motion;

WHEREAS the Parties agree that neither the submission of the exhibits for *in camera* review, nor their disclosure in conjunction with the Motion, should be construed as a waiver of any applicable privileges.

NOW THEREFORE, by and through their counsel of record, the Parties hereby stipulate to the entry of an Order by this Court:

1. Holding that disclosure of the exhibits in conjunction with the Motion does not constitute, and shall not be construed as, a waiver of any applicable privileges; and

2. Holding that the submission of the exhibits for *in camera* review does not constitute, and shall not be construed as, a waiver of any applicable privileges.

**SO STIPULATED AND AGREED.**

_s/Liza M. Walsh_
Liza M. Walsh
WALSH PIZZI O'REILLY FALANGA LLP
Legal Center, 6th Floor
1037 Raymond Blvd.
Newark, NJ 07102
lwalsh@walsh.law
(973) 757-1100
Attorney for Plaintiff Heritage
Pharmaceuticals Inc.

Ricardo Solano
FRIEDMAN KAPLAN SEILER &
ADELMAN LLP
One Gateway Center, 25th Floor
Newark, NJ 07102
rsolano@fklaw.com

(973) 887-6400
Attorney for Defendant Jeffrey A. Glazer

*[signature]*

Scott B. McBride
LOWENSTEIN SANDLER LLP
One Lowenstein Drive
Roseland, New Jersey 07068
smcbride@lowenstein.com
(973) 597-6136
Attorney for Defendant Jason T. Malek

SO ORDERED.

*[signature]*

Hon. Tonianne J. Bongiovanni
United States Magistrate Judge

5/7/2018

3